# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**RICHARD DAVIS,**

        **Plaintiff,**                **CIVIL ACTION NO. 12-cv-13761**

      **vs.**                          **DISTRICT JUDGE NANCY G. EDMUNDS**

                                         **MAGISTRATE JUDGE MONA K. MAJZOUB**

**WILLIAM MALATINSKY,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Richard Davis, formerly a prisoner at the Federal Corrections Institution in Milan, Michigan (FCI-Milan), filed this claim against Defendant William Malatinsky, Medical Director at FCI-Milan, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that Defendant was "deliberately indifferent to Plaintiff's serious medical needs" related to "treatment for a Major Gastrointestinal Bleed, Splenectomy, and Torn Right meniscus." (*See* docket no. 1.) Plaintiffs seek $3,000,000 in damages. (*Id.* at 10.) Before the Court is Defendant's Motion to Dismiss. (Docket no. 13.) Plaintiff filed a Response (docket no. 15), and Defendant filed a Reply (docket no. 16). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 5.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

## I.      Recommendation

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons that follow, the Court recommends GRANTING Defendants' Motion to Dismiss [13]. The Court, therefore, recommends dismissing this matter in its entirety.

## II.    Report

### A.    Facts

On August 15, 2007, while locked in his cell, Plaintiff began to vomit blood and eventually passed out. (Docket no. 1 ¶ 10.) Plaintiff was transferred to St. Joseph Mercy Hospital (SJMH) Emergency Room where a medical evaluation which included an endoscopic examination lead to a diagnosis of gastritis with no active bleeding. Plaintiff was discharged and given instructions with regard to his medication. (*Id.* ¶12.) Plaintiff alleges that medical staff at FCI-Milan failed to give him the appropriate medication as prescribed by medical staff at SJMH. (*Id.* ¶¶ 13-14.)

The next day, corrections officers found Plaintiff not breathing and bleeding from his nose. (*Id.* ¶ 15.) On August 18, 2007 Plaintiff was again transferred to SJMH where he continued vomiting, received 8 units of blood, and on August 23, 2007, he underwent a Splenectomy. (*Id.* ¶¶ 16-17.) On August 28, 2007, Plaintiff was discharged with a diagnosis of Major Uupper Gastrointestinal Bleed, Multiple Varices, Splenic Vein Thrombosis and a Torn Right Meniscus. He was then returned to FCI-Milan with medical instructions. (*Id.* ¶¶ 18-19.) Plaintiff asserts that even though he was in "excruciating abdomen pain," Defendant did not order pain medication as recommended by SJMH staff. (*Id.* ¶¶ 19-20.)

On August 29, 2007, Plaintiff again experienced vomiting and was, again, transferred to SJMH. (*Id.* ¶¶ 21-22.) Later that day, Plaintiff was discharged, and again, SJMH staff gave instructions with regard to Plaintiff's pain management. (*Id.* ¶ 23.) Plaintiff alleges that, again, Defendant failed to provide him with medication as recommended by SJMH staff. (*Id.* ¶ 24.)

On September 1, 2007, Plaintiff was taken to the FCI-Milan health services department where he experienced pain, nausea, high blood pressure, and an increased pulse. (*Id.* ¶¶ 26-28.) Ultimately, Plaintiff was given a shot of Demerol, and his vital signs returned to normal. (*Id.* ¶ 29.) Even following this incident, Plaintiff contends, he did not receive any pain medication. (*Id.* ¶¶ 30-31.) On September 7, 2007, Defendant diagnosed Plaintiff with an infection, but he still did not prescribe any pain medication as recommended by SJMH. (*Id.* ¶¶ 34-35.) Plaintiff asserts that he continued to receive pain management orders from SHMH, but Defendant continued to ignore those orders. (*Id.* ¶¶ 36-40.) Thus, Plaintiff argues, Defendant was deliberately indifferent to his serious medical needs. (*Id.* ¶ 42.)

### B.     Procedural History

On June 3, 2009, while still incarcerated at FCI-Milan, Plaintiff filed a *Bivens* Complaint against Defendant, two other individuals, and the Federal Bureau of Prisons. *Davis v. Zych*, No. 09-12142 (E.D. Mich. 2009) (O'Meara, J.). It is uncontested that Plaintiff's claims in his 2009 Complaint arise out of the same acts and injuries as those set out in his instant Complaint. (*See* docket nos. 13 and 15; *compare* docket no. 1, *with* docket no. 13-2.)

On May 14, 2010, Magistrate Judge Mark A. Randon entered a Report and Recommendation with regard to Plaintiff's June 3, 2009 Complaint. (*See* docket no. 13-3.) Magistrate Judge Randon recommended dismissing Plaintiff's June 3, 2009 Complaint in its entirety without prejudice. (*See id.*) With regard to Defendant Mulatinsky, Magistrate Judge Randon found that Plaintiff had "arguably stated a claim for medical malpractice," but "Plaintiff ha[d] failed to allege facts which, if true, would support the subjective component of a deliberate indifference claim." (*Id.* at 12.) On

3

July 21, 2010, Judge O'Meara adopted Magistrate Judge Randon's Report and Recommendation and dismissed Plaintiff's claims without prejudice.  (*See* docket no. 13-4.)

Plaintiff was released from prison on October 26, 2011.  (*See* docket no. 15 at 6.)  He filed his instant Complaint on August 24, 2012.  (*See id.*)

**C.    Motion to dismiss standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction.  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction.  *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the court is "not

4

bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### D.    Analysis

### 1.    Plaintiff's Claims are not Barred by the Doctrine of Res Judicata

Defendant first asserts that Plaintiff's claims are barred by the doctrine of res judicata because Plaintiff's claims are identical to those alleged in Plaintiff's June 3, 2009 Complaint, which was dismissed by the Court on July 21, 2010. (Docket no. 13 at 8-10.) The doctrine of res judicata bars a subsequent action between the same parties or their privies after a final judgment on the merits has been entered based upon the same claims or causes of action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *Coleman v. Martin*, 363 F.Supp.2d 894, 901 (E.D. Mich. 2005) (discussing federal res judicata). It also precludes litigation of all claims or issues which were actually litigated or which could have been litigated in a prior action. *Bittinger*, 123 F. 3d at 880. A Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim can operate as a decision on the merits for

res judicata purposes. *Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3; *Guzowski v. Hartman*, 969 F.2d 211, 216 (6th Cir. 1992).

Plaintiff does not dispute that the claims at issue in his June 3, 2009 Complaint are the same as the claims at issue in his present Complaint. (*See* docket no. 15 at 4.) Plaintiff also acknowledges that Defendant was a party to the June 3, 2009 action. (*Id.*) Plaintiff argues, however, that in his June 3, 2009 Complaint, Defendant was sued in his official capacity, and in the instant Complaint, Defendant is being sued in his official capacity. (*Id.*) Plaintiff argues that "the doctrine of res judicata is inapplicable in this lawsuit because a government official in his official capacity is not in privity with himself in his personal capacity." (*Id.*) In support of this contention, Plaintiff draws the Court's attention to *Headley v. Bacon*, 828 F.2d 1272, 1279-80 (8th Cir. 1987), and *Roy v. City of Augusta*, 712 F.2d 1517, 1521-22 (1st Cir. 1982).

As Defendant notes, Plaintiff brought his June 3, 2009 Complaint under *Bivens*. (*See* docket no. 13-2 at 1.) And a suit under *Bivens* is a suit against an employee or officer in an individual capacity. *See Bivens*, 403 U.S. 388. Moreover, nothing in Plaintiff's June 3, 2009 Complaint suggests that his claims against Defendant Malatinsky were brought against him in his official capacity. Thus, it appears that both of Plaintiff's suits were brought against Defendant in his individual capacity, and therefore, Plaintiff's argument is moot.

Nevertheless, the claims raised in Plaintiff's June 3, 2009 Complaint were dismissed *without prejudice*. (*See* docket no. 13-4.) Therefore, the doctrine of res judicata does not apply. *See Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) ("It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits *unless* the court specifies otherwise. . . . While the District Court in the 1981 suit made no express

reservation of the Guzowskis' right to maintain a second action, the opinion of the Sixth Circuit

clearly modified the judgment of the District Court. The Sixth Circuit panel explicitly stated that the

dismissal was *without prejudice*." (citations and footnotes omitted) (emphasis added)).

### 2.    Plaintiff's Claims are Barred by the State of Limitations

> Federal courts apply state personal injury statutes of limitations to claims brought
> under § 1983 as well as Bivens actions.  Wilson v. Garcia, 471 U.S. 261 (1985);
> Harris v. United States, 422 F.3d 322, 331 (6th Cir. 2005).  For civil rights suits filed
> in Michigan, the statute of limitations is three years.  Mich. Comp. Laws §
> 600.5805(8); Carroll v. Wilkerson, 782 F.2d 44, 44-45 (6th Cir. 1986).  Although
> statutes of limitations are governed by state law, the question of when civil rights
> claims accrue remains one of federal law.  Wallace v. Kato, 549 U.S. 384, 388
> (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause
> of action is a question of federal law that is not resolved by reference to state law.");
> LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1107 (6th Cir. 1995).
> A cause of action accrues when the plaintiff knows or has reason to know of the
> injury that is the basis of the action.  Friedman v. Estate of Presser, 929 F.2d 1151,
> 1159 (6th Cir.1991).

*O'Bryan v. Multiple Unknown Agents of Federal Bureau of Prisons*, No. 06-12252, 2012 WL

7807951, *2 (E.D. Mich. June 29, 2012) (Binder, M.J.).

There is no dispute that Plaintiff's claims arose in August and September 2007 and that

Plaintiff filed his instant Complaint on August 24, 2012, approximately five years later.  Thus,

Defendant argues, Plaintiff's claims are time barred.  (Docket no. 13 at 10-11.)  Plaintiff, however,

asserts that the statue of limitations was tolled under Mich. Comp. Laws 600.5851(1).  (Docket no.

15 at 9.)

Plaintiff asserts that MCL 600.5851(1) reads as follows:

> If the person first entitled to make an entry or bring action is under 18 years of age,
> insane, *or imprisoned at the time the claim accrues*, the person of those (sic)
> claiming under the person shall have 1 year after the disability is removed through
> death of (sic) otherwise, to make the entry or bring action although the period of
> limitations has run.

7

(Docket no. 15 at 9 (emphasis added).)  Therefore, Plaintiff argues, he had one year from the date of his release, October 26, 2011, to bring his claim.  (*Id.*)

As Defendant asserts, however, MCL 600.5851(1) was amended in 1993 and expressly eliminated imprisonment as a disability for tolling.  (Docket no. 16 at 3 (citing 1993 Mich. Pub. Acts 283 (Dec. 28, 1993).)  MCL 600.5851(1) currently reads as follows:

> . . . if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

Mich Comp. Laws Ann. 600.5851(1).  Thus, Plaintiff's argument fails.  Plaintiff was required to filed his Complaint by September 2010.  Therefore, Plaintiff's Complaint is barred by Michigan's three-year statute of limitations.

### E.      Conclusion

For the above-stated reasons, the Court recommends granting Defendants' Motion to Dismiss (docket no. 13).  Therefore, the Court recommends dismissing this matter in its entirety.

## III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated:  October 11, 2013                              s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served up counsel of record and on Plaintiff Richard Davis on this date.

Dated:  October 11, 2013                              s/ Lisa C. Bartlett
                                                      Case Manager


9